State ex rel. Watts Eng. Co. v. Public Service Com.

THE STATE ex rel. WATTS ENGINEERING COMPANY, Appellant, v. PUBLIC SERVICE COMMISSION.

In Banc, June 28, 1918.

**PUBLIC UTILITY:** Reduction of Rates: Suspension During Appeal: Money Earned Belongs to Company. Where the Public Service Commission, in order to test the reasonableness of rates charged by a gas company, ordered it to reduce its rates to specified maximums for a period of three years, and retained jurisdiction in order that a proper final order might be made after the test was tried out, and on appeal by the company to the circuit court the order was affirmed, but the court, pending an appeal to the Supreme Court, suspended the order and impounded the excess in rates over those fixed by the Commission, and its judgment was affirmed by the Supreme Court, the gas company is entitled to the excess collected during the time the appeal was pending in the Supreme Court; for, the order having been suspended, the company was lawfully entitled to adhere to its former rates until the judgment of affirmance was rendered.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. L. Hornsby* for appellant; *W. M. Fitch* of counsel.

(1) The entire sum of $8481.28 and interest earned thereon was ordered impounded by the circuit court without authority of law, and the whole of said sum is due the appellant, and should be paid to it. (2) Even if the gas consumers who originally paid this fund to appellant had any interest in the fund, the fund should not be distributed until after the Public Service Commission has made a final order fixing reasonable rates to be charged by appellant.

*Alex Z. Patterson,* General Counsel, and *James D. Lindsay,* Assistant Counsel, for respondent, Public Service Commission.

(1) The right of having a *supersedeas* or suspension of the order is not a constitutional right, but is purely statutory, and extends no farther than the clear limits of statutes creating it. Sections 112 and 114, Public Service Act; State Public Utilities Commission v. Chicago & W. T. Rd. Co., 275 Ill. 555, P. U. R. 1917B, l. c. 1059. (2) The statutes allowing a suspension make no distinction between an order declared to be in the nature of a "test" order, and one made without expressed conditions or reservations. Sections 112 and 114, Public Service Commission Act. (3) The difference between an order without reservation fixing rates and what is termed a "test" order, is not a difference in kind, but is a difference in degree of conclusiveness expressed, as to the permanence, and reasonable character of the rates fixed. Under the Public Service Act and in the inherent nature of the subject itself, all rate orders are more or less empirical. Sections 20 and 82, Public Service Commission Act. And this applies to all commissions and rate-making processes. (4) The attitude of courts in respect of tests in cases where the rates of the company have been lowered, is not that the company shall be permitted to charge the former rates, but that it must, unless the new rates appear to be confiscatory, submit to the new rates, with the right and opportunity, within a reasonable and proper time, to make application for a raise or readjustment of rates, or, if the suit be for injunctive relief, renew its application for an injunction. Darnell v. Edwards, 244 U. S. 564; Wilcox v. Consolidated Gas Company, 212 U. S. 1; Knoxville v. Knoxville Water Company, 212 U. S. 19; Missouri v. C., B. & Q. Railroad, 241 U. S. 533. (5) The appellant was entitled to, and was allowed a suspension of the order only until "the final decision of the case" (the case in court), and could not be more entitled to re-

ceive or retain the excess collected by·it before such final decision, than after such final decision. Sections 112 and 114 and cases cited above. (6) The test or requirement made upon appellant by the Commission was a reasonable and valid one. 'State ex rel. Watts Eng. Co. v. Pub. Serv. Com., 269 Mo. 525. Being so, appellant was bound to undergo the test, and to comply with the requirement made, upon the terms of the requirement, and at the expense of appellant, and not at the cost of the consumers. All cases cited above.

BOND, C. J.—I. Upon complaint of the City of Columbia, the Public Service Commission made an order requiring the owner of the local gas works to make a lower schedule of prices for the sale of gas, in that city, specifying in the order the maximum rates that should thereafter be charged for three years from March 1, 1915. The Public Service Commission, for the purpose of future modifications, dependent upon the result of this test, retained full jurisdiction of the cause.

Statement.

The grounds of the provisional order and the evidence upon which it was based are recited in the opinion of this court (269 Mo. 525) upon the appeal from the judgment of the circuit court of Cole County affirming the order of the Commission.

While the case was under review in the circuit court of Cole County an order was made by that court suspending the effectiveness of the provisional order of the Public Service Commission and impounding the excess of collections for rates of gas over the rates specified in the order of the Commission during the pendency of the review of such order in the lower court and during the pendency of an appeal to this court.

Upon the filing of the mandate and decisions in this court in the circuit court of Cole County, on March 10, 1917, the owner of the gas company, as relator, moved the circuit court to make an order directing ᵥthe repayment to it of the excess collections,

amounting, on February 1, 1917, to the sum of $8481. 28, and which, under the orders of the circuit court, had been placed in the Central Missouri Trust Company of Jefferson City, Missouri.

The circuit court denied the application of the relator and rendered judgment for the distribution of the aforesaid sum. From that judgment the relator prefected an appeal to this court.

II. The statute (Public Service Commission Law, sec. 112) provides that "in case the order or decision of the Commission is stayed or suspended" such stay or suspension "shall not become effective" until the giving of a statutory bond.

**Suspension Order: Right to Money Earned.**

The statute further provides that upon an appeal from a judgment of the circuit court rendered in a proceeding to review the order of the Commission, "the circuit court may, in its discretion, suspend its judgment pending the hearing in the Supreme Court on appeal, upon the filing of a bond," etc. [Pub. Serv. Law, sec. 114.]

In the instant case the suspension orders contemplated by these sections of the statute were duly made in the trial court. The question, therefore, is to whom does the money collected in the interim of the final decision of this court, affirming the right of the Commission to make a test order, belong? In determining this it is well to note the exact points ruled on the former appeal in this case. In stating the question then presented, this court said:

"If the order made in this case had been one permanent in character the question presented would be entirely different. But such is not the nature of the order made by the Public Service Commission. Our function is to determine the reasonableness of the order as we find it. The present order is one made for the purpose of making a test, to the end that the

real question of a reasonable rate may be ultimately determined.'' [State ex rel. v. Public Service Com., 269 Mo. l. c. 535.]

In the further discussion of the question of the reasonableness of an order of the peculiar nature of the one then under review, the opinion supra grounded its conclusion of the reasonableness of the test order upon the observation that the evidence tended to show ''that a reduction in rates would increase the sales or consumption,'' adding, ''this can only be determined by actual test. Such was the course pursued by the Public Service Commission,'' by the order made in this case and it is this ''test order.'' that was then held in judgment. [269 Mo. l. c. 535.]

This court thereupon proceeded to affirm the judgment of the circuit court sustaining the order of the Commission and closed its opinion with these words: ''If after the test, the rate is found to be too low, the matter can be corrected by the Public Service Commission.'' [L. c. 539.]

The above adjudication of the nature and purposes of the order of the Commission became the subsequent law of this case.

We, therefore, assume (as is stated in appellant's brief) that it at once obeyed the order of the Commission and lowered its rates in conformity, and that it has thereafter charged only, for the supply and service of gas, the rates tentatively fixed by the Commission, and that the permanency of such rates is a question for the determination of the Commission on facts which shall be developed by the application of the trial rates fixed in its experimental order. It is evident, however, that until the time of putting the trial rates into operation, there was and could have been no test or trial at all, for until they became effective all consumers paid the old rates in vogue before the order of the Commission. It is equally obvious that until the application of the test rates, none of the results contemplated by that experiment could become

known to the Commission, which had reserved juris-
diction for the very purpose of ascertaining (through
the results of a test) whether the lowering of the
prices would so increase the consumption and profits
as to provide the sum or percentage of earnings which
the Commission held the utility was entitled to earn.

It is an obvious corollary that the difference be-
tween the former rates and those specified in the test
order (being the amount which has been impounded
during the litigation) cannot belong to any other per-
son than the owner of the utility, who was lawfully
entitled to adhere to its former rates, under the sus-
pension orders of the circuit court, until the final judg-
ment of this court directing it to put into effect the
trial test prescribed by the Commission. The circuit
court, therefore, erred in directing this amount to be
distributed to any other person than the owner of the
gas plant.

The judgment of the circuit court of Cole County
is reversed and the cause remanded with directions
to ascertain what portion of the amount of the col-
lections was received pending the finality of the judg-
ment of this court on the former appeal, and to order
so much thereof to be paid over to the appellant. It
is so ordered. All concur.